

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0076-10

### EX PARTE BRYAN SCOTT CHAMBERLAIN, Appellant

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### TARRANT COUNTY

**KEASLER, J., delivered the opinion for a unanimous Court.**

### O P I N I O N

In October 1997, Bryan Scott Chamberlain pled guilty to sexual assault, a third-degree

felony. The trial judge deferred adjudicating guilt and placed Chamberlain on community

supervision for four years. Chamberlain successfully completed the four-year community

supervision term in October 2001.

As a result of this offense, Chamberlain is required to register as a sex offender for

the remainder of his life.[1] In October 2008, Chamberlain filed an application for a writ of

habeas corpus under Texas Code of Criminal Procedure Article 11.072. Among other

---

[1] TEX. CODE CRIM. PROC. ANN. art. 62.101 (Vernon 2006).

grounds for relief, Chamberlain alleged that the lifetime registration requirement violates his substantive due process rights because there is no mechanism to permit any future risk reassessment concerning the probability or likelihood of recidivism. Adopting the State's proposed findings of fact and conclusions of law, the trial judge denied relief.

Chamberlain appealed to the Fort Worth Court of Appeals.[2] The court of appeals rejected Chamberlain's claim, concluding that Chamberlain's due process rights are not violated because there is a statutory mechanism that allows a person subject to the lifetime registration requirement to seek early termination.[3] The court pointed to Texas Code of Criminal Procedure Articles 62.401 through 62.408. Article 62.401, enacted in 2005, established the Council on Sex Offender Treatment (CSOT). Article 62.402 sets out part of the CSOT's duties:

> (a) The council by rule shall determine the minimum required registration period under 42 U.S.C. Section 14071 . . . for each reportable conviction or adjudication under this chapter, if this state is to receive the maximum amount of federal money available to a state as described by that law.
> (b) After determining the minimum required registration period for each reportable conviction or adjudication under Subsection (a), the council shall compile and publish a list of reportable convictions or adjudications for which a person must register under this chapter for a period that exceeds the minimum required registration period under federal law.
> (c) To the extent possible, the council shall periodically verify with the Bureau of Justice Assistance or another appropriate federal agency the accuracy of the list of reportable convictions or adjudications described by Subsection (b).[4]

---

[2] *Ex parte Chamberlain*, 306 S.W.3d 328, 336 (Tex. App.—Fort Worth 2009).

[3] *Id.*

[4] TEX. CODE CRIM. PROC. ANN. art. 62.402 (Vernon 2006).

Article 62.403 provides for individual risk assessment by the CSOT:

> (b) On the written request of a person with a single reportable adjudication or conviction that appears on the list published under Article 62.402(b), the council shall:
> (1) evaluate the person using the individual risk assessment tool or group of individual risk assessment tools established, developed, or adopted under Subsection (a); and
> (2) provide to the person a written report detailing the outcome of an evaluation conducted under Subdivision (1).[5]

Once an individual has received an individual risk assessment under Article 62.403, the individual may file a motion in the trial court requesting early termination from the applicable registration requirements.[6]

After considering these statutes, the court of appeals held that:

> To the extent that the [sex-offender registration requirement's] rational relationship to the State's legitimate interest in protecting its citizens from sex offenders diminishes as a sex offender over time establishes his lack of dangerousness and low risk of recidivism, the [law] does provide a vehicle for such an offender (with a single reportable adjudication) to obtain an individualized assessment of dangerousness and risk of recidivism and possibly obtain early release from his obligation to register as a sex offender.[7]

The court then concluded that, as applied to Chamberlain, the lifetime registration requirement does not violate his substantive due process rights.[8]

We granted Chamberlain's petition for discretionary review to decide the following

---

[5] TEX. CODE CRIM. PROC. ANN. art. 62.403(b) (Vernon 2006).

[6] TEX. CODE CRIM. PROC. ANN. art. 62.404 (Vernon 2006).

[7] *Ex parte Chamberlain*, 306 S.W.3d at 337.

[8] *Id.* at 338.

issue: "Did the court of appeals err in holding that the lifetime registration requirement imposed on [Chamberlain] did not violate his substantive due process rights because there is a statutory mechanism by which [Chamberlain] can seek to be excused from further registration?"

Shortly before this case was submitted, but after we granted review, the CSOT published its list as mandated by Article 62.402.[9] It makes clear that individuals who have been convicted of sexual assault, like Chamberlain, are not eligible for de-registration.[10]

The CSOT's list has altered the legal landscape for individuals eligible for early termination from the sex offender registration requirements. The court of appeals did not have the benefit of this information before it when addressing Chamberlain's due process claim. The court therefore proceeded under the theory that Chamberlain would be able to avail himself of the Code's mechanism for early termination from the lifetime registration requirement. This was the court's sole basis for concluding that Chamberlain's substantive due process rights were not violated.[11] As a result, we determine that the court of appeals should be given an opportunity to reconsider Chamberlain's claim in light of this new information. We vacate the court of appeals's judgment and remand this case for proceedings consistent with this opinion.

---

[9] Deregistration for Certain Sex Offenders, December 14, 2010, available at http://www.dshs.state.tx.us/csot/csot_sodregis.shtm.

[10] *Id.*

[11] *Ex parte Chamberlain*, 306 S.W.3d at 337-38.

DATE DELIVERED: February 2, 2011
PUBLISH